UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADAM MILLER,

                Plaintiff,                Case No. 1:11-cv-1278

v.                                              Honorable Paul L. Maloney

MICHIGAN DEPARTMENT
OF CORRECTIONS,

                Defendant.
_____/

## OPINION

        This is a civil rights action initially filed in the Michigan Court of Claims by a state prisoner. The action raises claims under 42 U.S.C. § 1983 and state law. The action was removed to this Court by Defendant Michigan Department of Corrections (MDOC) pursuant to 28 U.S.C. §§ 1141, 1443, and 1446.

        Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's Eighth Amendment claim will be dismissed because Defendant MDOC is entitled to

sovereign immunity and is not a person within the meaning of 42 U.S.C. § 1983. Plaintiff's remaining state-law claim will be remanded to the Michigan Court of Claims.

**Factual Allegations**

Plaintiff Adam Miller presently is incarcerated with the MDOC and housed at the Alger Correctional Facility, though the facts underlying his complaint occurred while he was housed at various MDOC facilities across the state. He sues the MDOC, alleging that it has been deliberately indifferent to his serious medical needs arising from his diabetes and fatty liver disease, in violation of the Eighth Amendment. He also alleges that the MDOC committed the state tort of negligence by failing to use ordinary care in providing basic medical treatment. Plaintiff seeks declaratory and injunctive relief, together with compensatory damages.

**Discussion**

I.      Section 1983 Claim

Plaintiff may not maintain a § 1983 action against the MDOC. Ordinarily, regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See*, *e.g.*, *McCoy v.*

*Michigan*, 369 F. App'x 646, 653-54 (6th Cir. 2010); *Turnboe v. Stegall*, No. 00-1182, 2000 WL1679478, at *2 (6th Cir. Nov. 1, 2000).

However, the Supreme Court held in *Lapides v. Bd. of Regents*, 535 U.S. 613 (2002), that by voluntarily invoking the jurisdiction of the federal court through removal, the State of Georgia had waived its federal sovereign immunity. In *Lapides*, Georgia attempted to remove a case from state court, where its sovereign immunity had been waived by state statute, to federal court, where Georgia claimed sovereign immunity still existed. The Court, worried about "unfair tactical advantages," unanimously held that Georgia had waived its sovereign immunity. *Id.* at 621. However, in *Lapides*, as in the instant case, the only federal claim arose under 42 U.S.C. § 1983. Because the state is not a "person" who may be sued under § 1983, the Supreme Court's holding was expressly limited "to the context of state-law claims, in respect to which the State has explicitly waived immunity from state-court proceedings." *Id.* at 617 (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Thereafter, the Sixth Circuit extended *Lapides* to find that voluntary removal could constitute a waiver of the state's sovereign immunity from federal claims in some circumstances. *See Ku v. Tennessee*, 322 F.3d 431, 435 (6th Cir. 2003). The *Ku* court did not, however, base its finding that the state had waived its sovereign immunity solely on the fact that the state had removed the action. Instead, the court held that appearing in the case and defending the action on the merits together demonstrated a sufficient waiver of sovereign immunity. It is not clearly established, therefore, that the State could waive its Eleventh Amendment immunity on a § 1983 claim simply by removing the action to federal court.

Moreover, the doctrine of sovereign immunity is broader than the Eleventh Amendment's grant of immunity from suit in federal court. *See Alden v. Maine*, 527 U.S. 706, 742-

43 (1999) (recognizing that the concept of state sovereign immunity arises out of the constitutional structure of the relationship between the federal government and the states; the Eleventh Amendment is merely a partial affirmation of that broader immunity). Congress ordinarily may not waive a State's sovereign immunity – either in federal or in state court – absent compelling evidence that those states are "required to surrender this power to Congress pursuant to the constitutional design." *Id.* at 731. Because the Supreme Court squarely has held that Congress did not intend to waive state sovereign immunity in adopting § 1983, *see Will*, 491 U.S. at 67, the MDOC was entitled to sovereign immunity from suit under that statute regardless of whether the action was brought in federal or state court. In addition, the state courts have recognized that the state has not waived its immunity with respect to § 1983 claims brought in state courts. *See De Sanchez v. Genoves-Andrews*, 446 N.W.2d 538, 542 (Mich. Ct. App. 1989) (citing *Smith v. Dep't of Public Health*, 410 N.W.2d 749, 770 (Mich. 1987)); *Lowery v. Dep't of Corr.*, 380 N.W.2d 99, 106 (Mich. Ct. App. 1985) (holding that Michigan's narrow waiver of sovereign immunity did not include claims under 42 U.S.C. § 1983). Removal, therefore, had no bearing on the state's entitlement to immunity. *See Lapides*, 535 U.S. at 617 (limiting the doctrine of constructive waiver by removal to claims for which the state has explicitly waived immunity from state-court proceedings).

Nevertheless, even assuming that the state could or did waive its sovereign immunity by removing the action, Plaintiff fails to state a claim against the MDOC under § 1983. The State of Michigan (acting through the MDOC) is not a "person" who may be sued under § 1983 for money damages. *See Lapides*, 535 U.S. at 617 (citing *Will*, 491 U.S. 58). Nor is this conclusion altered by Plaintiff's demand for prospective injunctive relief. Although the Supreme Court has recognized that a state official sued in his official capacity for prospective injunctive relief is a person within

the meaning of § 1983, *Will*, 491 U.S. at 71, Plaintiff in this case does not sue any state official. He sues only the MDOC. As a result, Plaintiff's § 1983 claim must be dismissed because the MDOC is not a person within the meaning of § 1983.

      II.      State-Law Claim

In addition to his federal claim, Plaintiff raises a state tort claim of negligence. The district court has discretion to remand a removed case when all federal claims have been dismissed and all that remains are state-law claims within the pendent jurisdiction of the court. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 (1988); *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 761 (6th Cir. 2000). In exercising that discretion, the district court is to consider the "principles of economy, convenience, fairness and comity which underline the pendent jurisdiction doctrine." *Carnegie-Mellon*, 484 U.S. at 357. Plaintiff clearly intended for his state-law claims to be litigated in the state courts. Moreover, the principle of comity favors the disposition of state-law claims by the state courts. Therefore, Plaintiff's state-law claim is remanded to the Michigan Court of Claims.

**Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's Eighth Amendment claim will be dismissed pursuant to 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e(c) because Defendant MDOC is entitled to sovereign immunity and is not a person within the meaning of 42 U.S.C. § 1983. The remaining state-law claim is remanded to the Michigan Court of Claims.

A Order consistent with this Opinion will be entered.

Dated: January 20, 2012       /s/ Paul L. Maloney
      Paul L. Maloney
      Chief United States District Judge